**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      W. Daniel Feehan, Esquire
      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL, and JOINT APPRENTICESHIP TRAINING FUNDS for and on behalf of themselves and said FUNDS, and the BOARD OF TRUSTEES; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 400,** | Civil Action No.: |
| *Plaintiffs,* | |
| v. | **COMPLAINT** |
| **AMERICAN SIGN CRAFTERS, INC.** | |
| 327 New South Road
Hicksville, NY 11801 | |
| *Defendant.* | |

Plaintiffs' allege as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to Section 502 and 515

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, and Section 301 of the Labor Management Relations

Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2.       This Court is one of proper venue pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185,

because the Plaintiff Funds are administered in the State of New Jersey, and the

breach took place in New Jersey and Defendant maintained and/or maintains a

principal place of business in the State of New Jersey.

3.       A copy of this Complaint is being served on the Secretary of Labor and

the Secretary of Treasury of the United States by certified mail in accordance with 29

U.S.C. §1132(h).

## PARTIES

4.       Plaintiffs, Trustees of the IBEW Local 400 Welfare, Pension, Annuity,

Supplemental, and Joint Apprenticeship Training Funds for and on behalf of

themselves and said Funds and the Board of Trustees ("the Funds"), are trust funds

established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5) and are employee benefit plans established and maintained pursuant to

Section 3(1), (2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose

of providing health benefits and other benefits to eligible participants.  The Funds

2

qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5.    The Funds are also the collecting agent for National Electric Benefit Fund ("NEBF"), Northern New Jersey Chapter Administrative Maintenance Fund ("NNJCAMF"), Temporary Disability Fund, National Labor-Management Cooperation Committee of the Electrical Construction Industry ("NLMCC"), Committee on Political Education ("COPE").

6.    The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7.    The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

8.    The Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, 08628.

9.    The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10.    Plaintiff International Brotherhood of Electrical Workers Local Union 400 (the "Union") brings this action for dues checkoffs and other contributions owed by Defendant pursuant to the terms and conditions of the parties' Inside Agreement,

a/k/a collective bargaining agreement.

11.     The Union is a labor organization within the meaning of Section 301 of

the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and

represents employees in an industry affecting commerce.

12.     The Union maintains its principal place of business at 3301 Highway

138 East, Wall, New Jersey 07719.

13.     Defendant, American Sign Crafters, Inc., ("American Sign"), is referred

to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and

3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and/or is an

employer in an industry affecting commerce within the meaning of Section 301 of

LMRA, 29 U.S.C. §185.

14.     Upon information and belief, American Sign's principal place of business

is located at 327 New South Road, Hicksville, New York 11801.

15.     American Sign conducted and/or conducts business in the State of New

Jersey.

## COUNT ONE
### Failure to Remit Contributions

16.     The Funds incorporate the allegations in Paragraphs 1 through 15 of this

Complaint as if set forth herein in their entirety.

17.     At all times relevant hereto, Defendant was party to and/or agreed to abide by the terms and conditions of an Inside Agreement with the IBEW Local 400 ("the Union").

18.     By virtue of the Inside Agreement, Defendant agreed to abide by the terms of the Agreement and Declaration of Trust which govern the Funds ("Trust Agreement").  The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds.  In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

19.     Despite its contractual obligations, and though it reaped the benefit of the labor provided by its Union member employees, Defendant American Sign failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, the period of August 1, 2019 through December 31, 2019.

20.     Additionally, an audit performed for Defendant American Sign for the period of January 1, 2014 through December 31, 2016 revealed a delinquency of $5,386.89.

21.     Payment of the delinquent contributions and penalties assessed against American Sign has been demanded by the Funds, but American Sign has refused to submit the required payments.

22.     Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

23.     American Sign's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

24.     This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A)     Order Defendant American Sign to pay all contributions due and owing to the Funds;

(B)     Order Defendant American Sign to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C)     Order Defendant American Sign to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D)   Order Defendant American Sign specifically perform all obligations to the Funds under the Inside Agreement;

(E)   Order Defendant American Sign to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F)   Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO
### Failure to Remit Dues Checkoffs

25.   Plaintiffs repeat the allegations set forth in paragraphs 1- 24 as if fully set forth at length herein.

26.   At all relevant times, Defendant American Sign was and is signatory to, or has assented to, the Inside Agreement between the Union and the Union members.

27.   The Inside Agreement provides that Defendant American Sign must make specified fringe benefit contributions to the Funds and remit administrative dues for employees of Defendant American Sign.

28.   Defendant American Sign violated the Inside Agreement by failing to remit dues check-offs and other contributions to the Plaintiff Union for the period of

January 1, 2014 through December 31, 2016; and August 2019 through December 2019.

29.     Payment of the dues check-off amounts have been demanded by the Union, but Defendant American Sign has refused to submit the required payments.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

A.     Order Defendant American Sign to pay dues-checkoffs due and owing to the Plaintiff Union; and

B.     Order such further legal, equitable or other relief as is just and proper.


Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____/s/ W. Daniel Feehan_____
W. Daniel Feehan, Esquire

Dated:  4/27/2020